# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **R. ALEXANDER ACOSTA,** Secretary of Labor, United States Department of Labor, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) **Case No. 3:17-cv-784-DJH** |
| v. | )<br>) |
| **ANTHONY C. ALLEN, MARK N. CAIN, BRIAN A. LUTES, JAMES M. STARON, LINDA A. WILSON, NORMAN E. ZELESKY, SYPRIS SOLUTIONS 401(k) MERGED RETIREMENT SAVINGS PLAN,** and **SYPRIS SOLUTIONS, INC.,** | )<br>)<br>) Hon. Claria H. Boom<br>) District Judge<br>)<br>) Hon. Colin H. Lindsay<br>) Magistrate Judge<br>) |
| Defendants. | )<br>) |

## FIRST AMENDED COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Secretary"), alleges as follows:

1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, and is brought by the Secretary under ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices that violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

2. This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. From May 3, 2004, to December 16, 2013, Sypris Solutions, Inc. ("Sypris or "the Company") sponsored the following plans: the Sypris Solutions 401(k) Retirement Savings Plan; the Sypris Electronics, LLC Hourly Employees' Retirement Savings Plan; the Sypris Technologies, Inc. Hourly Employees' Retirement Savings Plan; and the Sypris Technologies Kenton Retirement Savings Plan (collectively, "the Four Plans"). Each of the Four Plans participated in the Master Retirement Trust for Qualified Plans of Sypris Solutions, Inc. and Its Subsidiaries.

4. As of December 16, 2013, the Sypris Technologies Kenton Retirement Savings Plan was merged into the Sypris Solutions 401(k) Retirement Savings Plan.

5. From December 16, 2013 to March 1, 2016, Sypris continued to sponsor the Sypris Solutions 401(k) Retirement Savings Plan, the Sypris Electronics, LLC Hourly Employees' Retirement Savings Plan, and the Sypris Technologies, Inc. Hourly Employees' Retirement Savings Plan.

6. As of March 1, 2016, the Sypris Solutions 401(k) Retirement Savings Plan, the Sypris Electronics, LLC Hourly Employees' Retirement Savings Plan, and the Sypris Technologies, Inc. Hourly Employees' Retirement Savings Plan were merged into one Plan called the Sypris Solutions 401(k) Merged Retirement Savings Plan ("Merged Plan"). As of December 31, 2016, the Merged Plan had 958 participants and $67,805,674 in assets.

7. Venue lies in the Western District of Kentucky pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Four Plans and the Merged Plan were administered in Louisville, Kentucky, within this district.

**DEFENDANTS AND PARTIES IN INTEREST UNDER ERISA**

8. The Merged Plan is named as a defendant herein pursuant to Federal Rule of Civil Procedure 19(a).

9. The Four Plans were employee benefit plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a). Similarly, the Merged Plan also is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3) and is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

10. From September 22, 1997, through the present, Sypris was a Delaware corporation that maintained its principal place of business in Louisville, Kentucky.

11. From at least January 1, 2009, until the Plans' respective mergers, the "Retirement Savings Plan Advisory Committee designated by Sypris Solutions, Inc." ("the Committee") was the named plan administrator for each of the Four Plans. During this period, James M. Staron, Anthony C. Allen, Norman E. Zelesky, Linda A. Wilson, Mark N. Cain, and Brian A. Lutes were members of the Committee (collectively, "the Committee Members"). The Committee Members exercised discretionary authority and discretionary control with respect to management of the Four Plans; exercised authority and control over the disposition of the Four Plans' assets; had discretionary authority and discretionary responsibility in the administration of the Four Plans; and was a fiduciary of the Four Plans within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

12. From at least January 1, 2009, through December 31, 2015, Defendant Linda A. Wilson ("Defendant Wilson") was the Director of Human Resources and a member of the Committee and exercised discretionary authority and discretionary control with respect to

management of the Four Plans; exercised authority and control over the disposition of the Four Plans' assets; had discretionary authority and discretionary responsibility in the administration of the Four Plans; and was a fiduciary of the Four Plans within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

13. From at least January 1, 2009, through the present, Defendant James M. Staron ("Defendant Staron") was the Corporate Director of Benefits and a member of the Committee and exercised discretionary authority and discretionary control with respect to management of the Four Plans; exercised authority and control over disposition of the Four Plans' assets; had discretionary authority and discretionary responsibility in the administration of the Four Plans; and was a fiduciary of the Four Plans within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

14. From at least January 1, 2009, until the plans' respective mergers, Defendant Sypris Solutions, Inc. exercised discretionary authority and discretionary control with respect to management of the Four Plans; exercised authority and control over disposition of the Four Plans' assets; had discretionary authority and discretionary responsibility in the administration of the Four Plans; and was a fiduciary of the Four Plans within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

15. From at least January 1, 2009, through the present, as an employer of employees covered by the Four Plans, Sypris was a party in interest to the Four Plans within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

# COUNT ONE

### The Committee Members Failed to Follow the Governing Documents of the Four Plans Regarding the Use of Forfeiture Funds

16. Paragraphs 1 through 15 above are realleged and incorporated in these allegations.

17. From at least January 1, 2009, until approximately March 1, 2016, the governing documents of the Four Plans had a provision specifying how and when to use forfeitures. The forfeitures constituted plan assets and were held in the trust forfeiture account. Section 8-8 of the Adoption Agreements for each of the Four Plans provides the following options:

> **ALLOCATION OF FORFEITURES**. Any forfeitures occurring during a Plan Year will be:
>
> (a) Reallocated as additional Employer Contributions or as additional Matching Contributions.
> (b) Used to reduce Employer and/or Matching Contributions.
>
> For purposes of this AA §8-8, forfeitures will be applied:
>
> (c) for the Plan Year in which the forfeiture occurs.
> (d) for the Plan Year following the Plan Year in which the forfeitures occur.
>
> Prior to applying forfeitures under this AA §8-8:
>
> (e) Forfeitures **will** be used to pay Plan expenses.
> (f) Forfeitures **will not** be used to pay Plan expenses.

For each of the Four Plans, the following selections were made for this section: option (b), which stated that it would use forfeitures "to reduce Employer and/or Matching Contributions"; option (c), which stated that the forfeitures will be applied "for the Plan Year in which the forfeiture occurs"; and most importantly, option (e), which stated that "[p]rior to applying forfeitures under this AA §8-8: [f]orfeitures **will** be used to pay Plan expenses."

18. In addition, subsection 7.11(d) of the Basic Plan Document also recognizes that in completing §8-8 of the Adoption Agreement, the Employer may elect to either use forfeitures to

5

first pay plan expenses or not. As described in paragraph 17 above, the Employer selected the option to use forfeitures to first pay plan expenses.

19. As the named plan administrator, the Committee Members had the responsibility of ensuring that the forfeiture funds were used in accordance with the Four Plan's governing documents.

20. During the period January 1, 2012 through January 1, 2016, the Committee Members failed to ensure that the forfeiture funds were used to first pay plan expenses prior to using them to reduce employer contributions.

21. In 2012, a total of $189,195.71 from the Four Plans' forfeiture funds were used to reduce employer contributions to the Four Plans.

22. In 2013, a total of $94,363.91 from the Four Plans' forfeiture funds were used to reduce employer contributions to the Four Plans.

23. In 2014, a total of $155,429.39 from the Four Plans' forfeiture funds were used to reduce employer contributions to the Four Plans.

24. Finally, in 2015, a total of $179,022.23 from the Four Plans' forfeiture funds were used to reduce employer contributions to the Four Plans.

25. At the same time, from January 1, 2012 through January 1, 2016, the Four Plans regularly incurred expenses that were paid from plan assets, which reduced the participants of the Four Plans' individual account balances.

26. In 2012, the Four Plans paid a total of $127,827.06 in expenses for advisory fees, annual report fees, legal fees, and recordkeeping fees.

27. In 2013, the Four Plans paid a total of $121,686.66 in expenses for advisory fees, annual report fees, legal fees, and recordkeeping fees.

28. In 2014, the Four Plans paid a total of $124,856.71 in expenses for advisory fees, annual report fees, and legal fees.

29. In 2015, the Four Plans paid a total of $117,147 in expenses for advisory fees, annual report fees, and recordkeeping fees.

30. By failing to follow the Four Plans' governing documents as alleged in paragraphs 16 through 29 above, the Committee Members:

    a. failed to act solely in the interest of the participants and beneficiaries of the Four Plans and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    b. failed to discharge their duties with the care, skill, prudence, and diligence that a prudent man acting in a like capacity and familiar with such matters would use for the same conduct in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); and

    c. failed to discharge their duties in accordance with the documents and instruments governing the Four Plans insofar as the documents and instruments are consistent with ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

31. As a direct and proximate result of the Committee Members' fiduciary breaches described in paragraph 30 above, the Four Plans suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

### COUNT TWO

**Defendants Wilson and Staron Failed to Follow the Governing Documents of the Four Plans Regarding the Use of Forfeiture Funds**

32. Paragraphs 1 through 29 above are realleged and incorporated in these allegations.

33. Contrary to the governing documents of the Four Plans, Defendants Wilson and Staron did not use the forfeiture funds to first pay Plan expenses prior to using them to reduce employer contributions.

34. From January 1, 2012, through January 1, 2016, Defendants Wilson and Staron directed the use of forfeiture funds to reduce employer contributions.

35. In 2012, Defendant Wilson used a total of $189,195.71 from the Four Plans' forfeiture funds to reduce employer contributions to the Four Plans.

36. In 2013, Defendant Wilson used a total of $94,363.91 from the Four Plans' forfeiture funds to reduce employer contributions to the Four Plans.

37. In 2014, Defendant Wilson used $155,429.39 from the Four Plans' forfeiture funds to reduce employer contributions to the Four Plans.

38. Finally, in 2015, Defendant Staron used $179,022.23 from the Four Plans' forfeiture funds to reduce employer contributions to the Four Plans.

39. By failing to follow the Four Plans' governing documents as alleged in paragraphs 32 through 38 above, Defendants Wilson and Staron:

    a. failed to act solely in the interest of the participants and beneficiaries of the Four Plans and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    b. failed to discharge their duties with the care, skill, prudence, and diligence that a prudent man acting in a like capacity and familiar with such matters would use for the same conduct in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

8

      c.      failed to discharge their duties in accordance with the documents and instruments governing the Four Plans insofar as the documents and instruments are consistent with ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D); and

      d.      caused the Four Plans to engage in transactions that Defendants knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of any assets of the Plan in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

40.      As a direct and proximate result of Defendants Wilson and Staron's fiduciary breaches described in paragraph 39 above, the Four Plans suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## COUNT THREE

### Sypris Solutions, Inc. Failed to Monitor the Committee Members and Defendants Wilson and Staron Regarding the Use of Forfeiture Funds

41.      Paragraphs 1 through 40 above are realleged and incorporated in these allegations.

42.      Sypris designated the Committee as the Plan Administrator in the governing documents of the Four Plans, which was comprised of Sypris employees from each of Sypris' subsidiaries and divisions. The Committee Members met quarterly to discuss fund performance and other administrative tasks related to the Four Plans.

43.      From January 1, 2012 through January 1, 2016, Sypris failed to monitor the Committee Members and Defendants Wilson and Staron to ensure that they were using forfeiture funds in accordance with the governing documents.

44. Specifically, from January 1, 2012, through January 1, 2016, Sypris never took steps to ensure that forfeiture funds were being first used to pay plan expenses prior to them being used to reduce the employer contribution.

45. By failing to monitor the Committee Members and Defendants Wilson and Staron as alleged in paragraphs 42 through 44 above, Sypris:

    a. failed to act solely in the interest of the participants and beneficiaries of the Four Plans and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and

    b. failed to discharge its duties with the care, skill, prudence, and diligence that a prudent man acting in a like capacity and familiar with such matters would use for the same conduct in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

46. As a direct and proximate result of Sypris' fiduciary breaches described in paragraph 45 above, the Four Plans suffered injury and losses for which it is personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

47. In addition, Defendant Sypris is liable, pursuant to ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2), for the breaches of fiduciary responsibility by a co-fiduciary, as described in paragraphs 32 through 40 above, because by failing to comply with ERISA § 404(a)(1), 29 U.S.C. §1104(a)(1), in the administration of its specific responsibilities which gave rise to its status as a fiduciary of the Plans, it enabled the Defendants Wilson and Staron to commit the breaches set forth in paragraph 40 above.

48. Defendant Sypris Solutions, Inc. is liable, pursuant to ERISA §405(a)(3), 29 U.S.C. § 1105(a)(3), for the breaches of fiduciary responsibility by co-fiduciaries, as described in

paragraphs 32 through 40 above, because it had knowledge of the breaches set forth in paragraph 40 above, and failed to make reasonable efforts under the circumstances to remedy the breaches.

## COUNT FOUR

### Alternatively, Sypris Solutions, Inc. Failed to Properly Appoint the Named Plan Administrator, and Thus Sypris Solutions Inc. Failed to Follow the Governing Documents of the Four Plans Regarding the Use of Forfeitures

49. Paragraphs 1 through 40 above are realleged and incorporated in these allegations.

50. Subsections 11.01 and 11.02 of the Basic Plan Document provide that Sypris "may designate another person or persons as the Plan Administrator" and that "the designated Plan Administrator must accept its responsibilities in writing.

51. Upon information and belief, Sypris Solutions, Inc. may have failed to properly designate the Committee as the Plan Administrator.

52. The Committee and the Committee Members failed to accept their responsibilities as the Plan Administrator in writing.

53. As such, Sypris failed to appoint another person or persons as the Plan Administrator and as a result Sypris is the default Plan Administrator. 29 U.S.C. § 1002(16)(A)(ii).

54. As the Plan Administrator, Sypris had the responsibility of ensuring that the forfeitures were used in accordance with the Four Plan's governing documents.

55. Sypris failed to ensure that the forfeitures were used to first pay plan expenses prior to using them to reduce employer contributions.

56. Based on the facts alleged in paragraphs 49 through 55 above Sypris:

    a. failed to act solely in the interest of the participants and beneficiaries of the Four Plans and for the exclusive purpose of providing benefits to participants and

their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

      b.      failed to discharge its duties with the care, skill, prudence, and diligence that a prudent man acting in a like capacity and familiar with such matters would use for the same conduct in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

      c.      failed to discharge its duties in accordance with the documents and instruments governing the Four Plans insofar as the documents and instruments are consistent with ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

      d.      caused the Four Plans to engage in transactions that it knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of any assets of the Plan in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D); and

      e.      acted on behalf of a party whose interests were adverse to the Four Plans or the interests of their participants and beneficiaries in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

57.      As a direct and proximate result of Sypris' fiduciary breaches described in paragraph 56 above, the Four Plans suffered injury and losses for which it is personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## COUNT FIVE

**Defendants Failed to Follow the Governing Documents of the Four Plans Regarding Allocation of Forfeiture Funds**

58.      Paragraphs 1 through 15 above are realleged and incorporated in these allegations.

59. From at least January 1, 2009, until approximately March 1, 2016, the governing documents of the Four Plans had a provision specifying how to allocate contributions and forfeiture relating to such contributions. The Participating Employer Adoption Page of the Four Plans has the following default allocation provision:

> Any contributions made under this Plan (and any forfeitures relating to such contributions) will be allocated to all Participants of the Employer (including the Participating Employer identified on this Participating Employer Adoption Page).

60. This default provision applied to the Sypris Electronics, LLC Hourly Employees' Retirement Savings Plan; the Sypris Technologies, Inc. Hourly Employees' Retirement Savings Plan; and the Sypris Technologies Kenton Retirement Savings Plan.

61. The Participating Employer Adoption Page also allows the Plans to override the default provision for allocations by checking the following provision:

> Check this box if contributions made by the Participating Employer signing this Participating Employer Adoption Page (and any forfeitures relating to such contribution) will be allocated only to Participants actually employed by the Participating Employer making the contribution. If this box is checked, Employees of the Participating Employer signing this Participating Employer Adoption Page will not share in an allocation of contributions (or forfeitures relating to such contributions) made by the Employer or any other Participating Employer.

62. The Sypris Solutions 401(k) Retirement Savings Plan selected this provision to override the default allocation provision. The Sypris Solutions 401(k) Retirement Savings Plan had seven participating employers.

63. From January 1, 2012, through January 1, 2016, Defendants did not track forfeitures on a Plan-level basis. As a result, Defendants did not ensure that forfeitures that came from a particular plan were properly allocated pursuant to the governing documents.

13

64. By failing to follow the Four Plans' governing documents as alleged in paragraphs 58 through 63 above, Defendants:

    a. failed to act solely in the interest of the participants and beneficiaries of the Four Plans and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    b. failed to discharge their duties with the care, skill, prudence, and diligence that a prudent man acting in a like capacity and familiar with such matters would use for the same conduct in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); and

    c. failed to discharge their duties in accordance with the documents and instruments governing the Four Plans insofar as the documents and instruments are consistent with ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

65. As a direct and proximate result of Defendants' fiduciary breaches described, the Four Plans suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

### PRAYER FOR RELIEF

**WHEREFORE**, the Secretary prays that this Court enter a judgment:

    A. Permanently enjoining each Defendant from violating the provisions of Title I of ERISA;

    B. Ordering Defendants to restore to the Merged Plan all losses, including lost opportunity costs, resulting from fiduciary breaches committed by them or for which they are liable;

    C. Ordering Defendants to correct the prohibited transaction in which they engaged;

14

    D.      Requiring Defendants to take such further and other action as necessary to fully reverse the transactions prohibited by ERISA § 406, 29 U.S.C. § 1106;

    E.      Awarding the Secretary the costs of this action; and

    F.      Ordering such further relief as is appropriate and just.

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

s/ Jing Zhang
**JING ZHANG**
Trial Attorney

U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Room 844
Chicago, Illinois 60604
Phone: (312) 353-1145
Facsimile: (312) 353-5698
Email: zhang.jing@dol.gov

Attorneys for **R. ALEXANDER ACOSTA**, Secretary of Labor, U.S. Department of Labor, Plaintiff