## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**MARTIN J. WALSH**  **PLAINTIFF**
*SECRETARY OF LABOR,*
*U.S. DEPARTMENT OF LABOR*

v.  No. 3:17-cv-784-BJB

**ANTHONY C. ALLEN, ET AL.**  **DEFENDANTS**

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

The Court's previous order, DN 67, asked the parties to consider the Secretary's theory of harm, the status of specific Defendants as fiduciaries, and whether any Defendants' actions breached fiduciary duties under ERISA in order to resolve the pending cross-motions for summary judgment, DNs 46 & 47. The Court held a telephonic argument on March 22, 2022. DN 68. During the hearing, the parties identified genuine issues of material fact concerning (among other things) the role of outside counsel in Sypris's decisionmaking and the extent of the losses to the plans. Because genuine disputes of material fact on both issues, the Court denies both motions for summary judgment.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The Secretary asserts that the Defendants breached fiduciary duties under multiple subsections of 29 U.S.C. § 1104(a)(1) by failing to follow the plan documents. Amended Complaint (DN 38) at 14. The nature and reasonableness of any reliance on outside advice are material to the parties' dispute as it stands following the Court's decision to sustain the Secretary's objection to the R&R. At argument, the Defendants insisted their reliance was reasonable and could serve as a defense to liability: they relied on a summary of new plan features and an assurance of continuity with past plan treatment of forfeitures. Defendants' Response (DN 49) at 18. The Secretary didn't point to any authority precluding such a defense—instead maintaining that the issue was ripe for decision. No one at Sypris, he contends, actually relied on this alleged advice in carrying out the plan's provisions. Secretary's Reply (DN 54) at 7–8 ("Defendants failed to show that anyone read or interpreted the forfeiture provisions on behalf of the Plan Administrator after the new Plan Documents were adopted.").

ERISA states that fiduciaries must discharge their duties "with the care, skill, prudence, and diligence" of "a prudent man acting in a like capacity and familiar with such matters." 29 U.S.C. § 1104(a)(1)(B). To be sure, it also requires that they act

"in accordance with the documents and instruments governing the plan." § 1104(a)(1)(D). But in at least one case, the Sixth Circuit analyzed whether a failure to act "in accordance with" plan documents breaches fiduciary duties under the "prudent man" standard. *Hunter v. Caliber Sys., Inc.*, 220 F.3d 702, 721–22 (6th Cir. 2000) (deciding § 1104(a)(1)(D) claim by assessing whether fiduciary acted prudently despite violating plan documents). It is possible, though not yet proven (or even fully briefed), that Sypris's reliance on counsel could preclude liability under § 1104(a)(1) because "a prudent man acting in a like capacity and familiar with such matters" would have taken the same action. § 1104(a)(1)(B); *Hunter*, 220 F.3d at 721–22. Although the parties' papers touched fleetingly on the involvement of third parties in Sypris's adoption of the plan at issue, they haven't joined issue on the question whether and to what extent that advice affected the Defendants' liability for allocating forfeitures as they did under the new plan. The summary-judgment briefing focused primarily on interpretive ambiguity and whether Sypris's interpretation would be reasonable if the plan document were ambiguous. So a genuine dispute exists regarding the advice-of-counsel defense. This precludes summary judgment on liability for either party.

As to loss, the Defendants argued at argument that the total amount of forfeitures used for employer contributions is not an accurate tabulation of the beneficiaries' losses, even assuming breach of the plan's terms. If a forfeiture occurs while no plan expenses are due, or if expenses come due when no forfeited funds are available, then according to the Defendants the Plan allows Sypris to allocate the forfeiture to Sypris's matching contribution. So, in the Defendants' view (again, not fully fleshed out in the briefing but raised at argument), the actual losses resulting from any ERISA violations may be smaller than the totals that the Secretary cited, depending on the relative timing of forfeitures and expenses. *See* Secretary's MSJ (DN 46-1) at 24. If the Defendants did breach their fiduciary duties, the amount of loss directly bears on how much Defendants must restore to the beneficiaries. *See* 29 U.S.C. § 1109(a) (A fiduciary "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach.").

So the Court denies both motions for summary judgment for these reasons and those stated in the previous opinion. DNs 46 & 47. The Court asks the parties to confer on the appropriate next steps to resolve the questions of liability and damages and to submit a joint status report to the Court regarding their areas of agreement and disagreement (if any) no later than 30 days from the entry of this Order.

Benjamin Beaton, District Judge
United States District Court

March 28, 2022